SRL:BGK:MDH
F#2013V00104

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

FOUR HUNDRED NINETY-THREE THOUSAND
SIX HUNDRED SEVENTY-ONE DOLLARS AND
SEVENTY-ONE CENTS ($493,671.71) IN UNITED
STATES CURRENCY, MORE OR LESS, FORMERLY
ON DEPOSIT IN AMAZON.COM SELLER
ACCOUNTS ROBBI2RIVERA@GMAIL.COM AND
VICTORPUHINI87@YAHOO.COM, AND ALL
PROCEEDS TRACEABLE THERETO,

                Defendants *In Rem*.

-----------------------------------------------------------------X

**CV 13-4469**

**VERIFIED COMPLAINT**
***IN REM***

Civil Action No.

**MAUSKOPF, J.**

**REYES, M.J**

      Plaintiff, United States of America, by its attorney, Loretta E. Lynch, United States Attorney for the Eastern District of New York, Melanie D. Hendry, Assistant United States Attorney, of counsel, for its complaint alleges upon information and belief as follows:

### NATURE OF THE ACTION

      1.    This is a civil action *in rem* brought by the United States of America to forfeit and condemn to the use and benefit of the United States $493,671.71 in United States Currency, more or less, formerly on deposit in Amazon.com seller accounts Robbi2rivera@gmail.com and Victorpuhini87@yahoo.com (collectively, the "Subject Accounts"), and all proceeds traceable thereto (the "Defendant Funds").

2. The Defendant Funds are subject to forfeiture pursuant to: (a) 18 U.S.C. § 981(a)(l)(C), as property constituting or derived from proceeds traceable to violations of 18 U.S.C. § 545; and/or (b) 18 U.S.C. § 2323(a), as property used in any manner or part to commit or facilitate the commission of violations of 18 U.S.C. § 2320, or property constituting or derived from proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 2320.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395 in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## STATUTORY PROVISIONS

5. Pursuant to 18 U.S.C. § 545, it is unlawful to fraudulently or knowingly import or bring into the United States any merchandise contrary to law, or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the merchandise to have been imported or brought into the United States contrary to law. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 545 is subject to forfeiture to the United States.

6. Pursuant to 18 U.S.C. § 2320, it is unlawful to intentionally traffic in goods and knowingly use a counterfeit mark on or in connection with such goods. Pursuant to 18 U.S.C. § 2323, any property constituting or derived from any proceeds obtained directly or indirectly from

2

the trafficking of counterfeit goods in violation of § 2320, and any property used or intended to be used in any manner to commit or facilitate the commission of such offense, is subject to forfeiture to the United States.

## FACTS

### The Investigation of Polina Falca and Yevhenii Lozovyi

7. In or around December 2012, United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") agents began an investigation into the unlawful importation and sale of trademarked and counterfeit "OtterBox" and "Clarisonic" goods by Polina Falca, also known as Polina Lozovyi, ("Falca") and her husband, Yevhenii Lozovyi ("Lozovyi").

8. HSI agents initiated the investigation into Falca and Lozovyi after U.S. Customs and Border Protection ("CBP") seized multiple shipments of OtterBox cases for Apple products including iPhones and iPads on or about December 6, 2012 (the "Intercepted Shipments"). The Intercepted Shipments were sent via DHL from Hong Kong, China, addressed to "Piter Faka," at 2781 Ocean Avenue, Apartment 3F, Brooklyn, New York. On or about December 11, 2012, a controlled delivery by HSI in cooperation with CBP of four boxes from the Intercepted Shipments was conducted. The boxes were signed for by Falca, who identified herself as "Paola Fiola" and stated that "Piter Faka" is her husband. Falca advised an undercover HSI agent posing as a delivery person that she and Lozovyi now reside in Apartment 3K, having just moved from Apartment 3F. As the undercover agent exited the elevator in the lobby, Lozovyi entered the elevator with a hand truck. The undercover agent, who recognized Lozovyi from a photo obtained from Department of Homeland Security records, asked him if he was "Piter," to which Lozovyi nodded affirmatively.

9. CBP officers and HSI agents contacted Otter Products, LLC, owner of the OtterBox trademark. A representative from Otter Products, LLC determined that a sample of the OtterBox cases provided to it by law enforcement agents from the Intercepted Shipments was counterfeit.

10. On or about December 19, 2012, United States Magistrate Judge Robert M. Levy, Eastern District of New York issued a search warrant (the "Warrant") for 2781 Ocean Avenue, Apartment 3K, Brooklyn, New York (the "Subject Premises"). On or about December 20, 2012, just prior to execution of the Warrant, an additional controlled delivery of eleven boxes from the Intercepted Shipments was conducted at the Subject Premises. This second delivery was accepted by Lozovyi.

11. Shortly after the second controlled delivery, HSI agents executed the Warrant and searched the Subject Premises. Lozovyi was present during the execution of the Warrant and advised agents that in addition to the Subject Premises, he occupied another apartment in the same building ("Apartment BB"). Lozovyi then consented to a search by HSI agents of Apartment BB.

12. As a result of the searches of the Subject Premises and Apartment BB, HSI agents seized, *inter alia*, approximately 2,400 purported OtterBox iPhone and iPad cases and approximately 1,200 purported Clarisonic electronic facial cleansing brushes (the "Seized Merchandise").

13. During the execution of the Warrant, Lozovyi informed agents, in sum and substance, that he and Falca's sole business was selling the OtterBox cases, Clarisonic facial brushes, and other items on websites such as Amazon.com. Lozovyi also stated to the law enforcement agents that they sold the OtterBox iPhone cases for approximately $20 and the

4

Clarisonic facial brushes for approximately $80. Review of the sale prices listed on OtterBox's and Clarisonic's websites revealed that OtterBox's sale price for genuine OtterBox iPhone cases and Clarisonic's sale price for genuine facial brushes is, in fact, substantially higher than the prices purportedly charged by Lozovyi and Falca.

14. Lozovyi also detailed for the law enforcement agents the sale and payment process for the items that they sold on Amazon.com's website. Lozovyi stated, in sum and substance, that he and Falca would have the merchandise shipped into the United States from Hong Kong. They then would package the merchandise and shipped it to Amazon.com's fulfillment center. Amazon.com then would list the merchandise on its website and ship it to customers who placed orders via its website. Once a sale was made, Amazon.com would credit the sale price, less various fees, to an Amazon.com seller's account, including the Subject Accounts. Lozovyi further stated to law enforcement agents that he would create Amazon.com seller accounts in fictitious names. He informed the agents that the majority of the proceeds of his sales of the OtterBox cases and the Clarisonic facial brushes, which totaled approximately $400,000, were on deposit in the Subject Accounts. He further informed the agents that approximately every two weeks, the balance in the Subject Accounts would be transferred by Amazon.com to the business checking account that he and Falca maintained at Chase bank.

15. Representatives of Otter Products, LLC and Clarisonic's trademark owner, L'Oreal, examined samples of the Seized Merchandise and confirmed they are counterfeit.

## **Seizure of the Defendant Funds**

16. On or about December 27, 2012, United States Magistrate Judge Lois Bloom, Eastern District of New York, issued a seizure warrant (the "Seizure Warrant") authorizing the seizure of all funds on deposit in the Subject Accounts.

17.     Pursuant to the Seizure Warrant, on or about January 18, 2013, HSI agents seized $493,671.71 from the Subject Accounts, namely, $320,793.27 from Amazon.com seller account Robbi2rivera@gmail.com and $172,878.44 from seller account Victorpuhini87@yahoo.com

18.     On or about February 11, 2013, CBP sent notice of the seizure of the Defendant Funds to Lozovyi.

19.     On or about May 9, 2013, Lozovyi, by and through his attorney, filed a claim to the Defendant Funds. The matter was then referred to the United States Attorney's Office for the Eastern District of New York for commencement of this civil *in rem* action.

### Lozovyi's Sworn Affidavit Acknowledging the Defendant Funds Were Profits Derived From Sales of the Purported OtterBox and Clarisonic Products

20.     In or about April 2013, Lozovyi submitted an affidavit, sworn to on April 5, 2013, in support of his motion to unseal documents related to the search and seizure warrants (the "Lozovyi Affidavit").

21.     In the Lozovyi Affidavit, Lozovyi noted that his company began selling purported OtterBox products as early as June 2012, and purported Clarisonic products as early as November 2012.

22.     In the Lozovyi Affidavit, Lozovyi confirmed that the Subject Accounts contained profits from the sale of purported OtterBox and Clarisonic products. Specifically, Lozovyi noted that: (a) the Robbi2rivera@gmail.com account contained approximately at least $150,000.00 in profits from the sale of purported OtterBox products and at least $23,500.00 in profits from the sale of purported Clarisonic products, and (b) the Victorpuhini87@yahoo.com account contained approximately at least $150,000.00 in profits from the sale of purported OtterBox products and at least $170,000.00 in profits from the sale of purported Clarisonic products.

## FIRST CLAIM FOR RELIEF

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if fully set forth herein.

24. The Defendant Funds constitute property derived from proceeds traceable to violations of 18 U.S.C. § 545 and/or property traceable to such property.

25. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with the provisions of 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if fully set forth herein.

27. The Defendant Funds constitute property used to commit or to facilitate the commission of violations of 18 U.S.C. § 2320, or property derived from proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 2320.

28. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with the provisions of 18 U.S.C. §2323(a).

WHEREFORE, plaintiff United States of America requests that a warrant of this Court be issued for the arrest of the Defendant Funds; that due notice of these proceedings be given to all interested persons; that the Defendant Funds be forfeited and condemned to the use of the United

States; that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
       August 7, 2013

> LORETTA E. LYNCH
> UNITED STATES ATTORNEY
> *Attorney for Plaintiff*
> Eastern District of New York
> 271 Cadman Plaza East
> Brooklyn, New York 11201
>
> By: _____
> Melanie D. Hendry
> Assistant United States Attorney
> (718) 254-6040

## VERIFICATION

Mark Cozine hereby declares as follows:

1.  I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI").

2.  I have read the verified complaint *in rem* in this action and know the contents thereof.

3.  The matters contained in the within verified complaint *in rem* are true and accurate to the best of my knowledge, information, and belief.

4.  The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of HSI and other law enforcement agencies.

I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
August 5, 2013

*/s/ Mark Cozine*

Mark Cozine
Special Agent
United States Department of Homeland Security,
Immigration and Customs Enforcement, Homeland
Security Investigations